UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BILAL KHAN,
    Plaintiff,

v.

DR. RICARDO RUIZ, et al.,
    Defendants.

CASE NO.
3:19-cv-448 (VAB)

**INITIAL REVIEW ORDER**

On March 25, 2019, Bilal Khan ("Plaintiff"), a former state prisoner,[1] filed a Complaint *pro se* and sued seven Department of Correction ("DOC") officials in their individual and official capacities under 42 U.S.C. § 1983. The Defendants are Dr. Ricardo Ruiz, Dr. Carson Wright, Dr. M. Clements, Kevin McCrystal, Thomas Mallon, Janine Russell, and Angel Grarilello (collectively, "Defendants"). Compl., ECF No. 1 (Mar. 25, 2019).

Mr. Khan seeks monetary, injunctive, and declaratory relief against these Defendants for allegedly violating his Eighth Amendment right against cruel and unusual punishment and for negligence. *Id.* at 2, 7. On August 20, 2019, U.S. Magistrate Judge William I. Garfinkel granted Mr. Conley's motion to proceed *in forma pauperis*. Order, ECF No. 10 (Aug. 20, 2019).

For the following reasons, the Complaint is **DISMISSED** in part.

**I. FACTUAL ALLEGATIONS**

On May 18, 2014, Mr. Khan allegedly was injured in a motor vehicle accident. Compl. ¶ 4. He allegedly sustained injuries to his elbow, knee, and hip and was hospitalized. *Id.* After he

---

[1] The docket reflects that Mr. Khan is confined at the Willard-Cybulski Correctional Institution in Enfield, CT. However, DOC records show that Mr. Khan has since been released and is living at a re-entry facility, the name or location of which is not provided. *See* Conn. Dep't of Corr., Inmate Information, Khan, Bilal, http://ctinmateinfo.state.ct.us/detailsupv.asp?id_-inmt_num=368992. Mr. Khan has not notified the Court of his current address. Thus, if he does not file a notice with the Court within thirty days of this Order, his Complaint will be dismissed with prejudice.

was released, Mr. Khan received additional care from a doctor in Monroe, Connecticut, who allegedly prescribed him 30 mg of OxyContin for his pain. *Id.*

After being incarcerated at Cheshire Correctional Institution ("Cheshire"), Mr. Khan allegedly submitted several written requests to see the medical unit at Cheshire to treat his chronic pain. Compl. ¶ 5. On August 6, 2018, he allegedly fell as the result of chronic pain in his knee. *Id.* at ¶ 6.

Two days later, on August 8, 2016, Mr. Khan allegedly was called to the medical unit and evaluated by Dr. Ruiz. Compl. ¶ 7. He explained to Dr. Ruiz that he was experiencing chronic pain and that he had titanium screws in his right leg, arm, and wrist. *Id.* Dr. Ruiz allegedly denied Mr. Khan a medical brace. *Id.* He allegedly told Mr. Khan that "he was always going to be in pain, and there was nothing [he] could do for him." *Id.*

On September 17, 2018, Mr. Khan allegedly experienced severe pain and asked the block officer to call the medical unit for evaluation. *Id.* at ¶ 8. After waiting in the medical unit for ninety minutes, he talked to a nurse, who allegedly instructed him to sit and wait for Dr. Ruiz. *Id.* After Mr. Khan waited another ninety minutes, another nurse gave him aspirin and a sling for his arm. *Id.* The nurse allegedly told him that x-rays would be taken the following day, but x-rays allegedly were not taken the following day or the day after. *Id.*

On November 11, 2018, Mr. Khan allegedly filed a medical grievance regarding the lack of treatment for his chronic pain. Compl. ¶ 9. He also visited with Dr. Ruiz a second time and complained about the lack of treatment for his condition. *Id.*

Mr. Khan allegedly continues to suffer from chronic pain and is confined in a unit with no handicapped showers or ramp. Compl. ¶ 10. He allegedly is forced to climb stairs to retrieve

his food trays, see medical staff, attend religious services, or visit any location outside the unit. *Id.*

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### III. DISCUSSION

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prevail on a claim for deliberate indifference to a serious medical need, a prisoner must show both that his need was serious and that the defendant acted with a sufficiently culpable state of mind. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 429 U.S. at 105).

There are both objective and subjective components to the deliberate indifference standard. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged

4

deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Subjectively, the defendant must have been actually aware of a substantial risk that the prisoner would suffer serious harm as a result of his actions or inaction. *Salahuddin v. Goord*, 467 F.3d 263, 280-81 (2d Cir. 2006).

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under Section 1983. *Salahuddin*, 467 F.3d at 280; *see also Estelle*, 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Moreover, a difference of opinion regarding what constitutes an appropriate response and/or treatment to a prisoner's medical conditions does not establish an Eighth Amendment claim. *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010) ("Indeed, we have observed that a disagreement with the medical care provided is insufficient to state a constitutional claim; [t]he essential test is one of medical necessity and not one simply of desirability.'"); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Instead, the act complained of must "shock[] the conscience" by constituting a "complete denial of, or intentional effort to delay access to, medical care, or a reckless or callous indifference" to the prisoner's well-being. *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (quoting *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)).

Mr. Khan claims that Dr. Ruiz violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. *See* Compl. ¶ 11. Although he lists them as defendants, Mr. Khan has not alleged any facts against

Dr. Wright, Dr. Clements, Mr. McCrystal, Mr. Mallon, Ms. Russell, or Mr. Grarilello. Mr. Khan also appears to be raising a tort claim for negligence under state law. *See id.* at 2. The Court will permit his Eighth Amendment claim to proceed against Dr. Ruiz, but dismiss all other claims.

Construing his allegations liberally, Mr. Khan has stated a plausible Eighth Amendment claim for deliberate indifference to medical needs against Dr. Ruiz. He alleges that Dr. Ruiz denied him a brace and, despite being informed of Mr. Khan's chronic condition, told Mr. Khan that there was nothing he could do for him and that he would always be in pain. The Court will permit the Eighth Amendment claim to proceed against Dr. Ruiz based on these factual allegations.

Mr. Khan has not, however, stated a plausible Eighth Amendment claim against any of the other six defendants. In fact, he alleges no facts against any of them. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Because Mr. Khan has not alleged any facts showing how the remaining defendants violated his constitutional rights, his claims against them will be dismissed.

Finally, to the extent Mr. Khan intends to pursue a negligence claim against the defendants, he may not do so in this action. It is well established that such claims are not cognizable in an action for damages under § 1983. *See Salahuddin*, 467 F.3d at 280 ("[T]he risk of harm must be substantial and the official's actions more than merely negligent."); *Chance*, 143 F.3d at 703 (without more, negligence does not create a constitutional claim); *Pabon v. Wright,* No. 99-CIV-2196 (WHP), 2004 WL 628784, at *5 (S.D.N.Y. Mar. 29, 2004), *aff'd,* 459

F.3d 241 (2d Cir. 2006) ("[N]egligent conduct is insufficient to satisfy the standard."). Moreover, such claims against state officials are also barred by section 4-165 of the Connecticut General Statutes.[2] Therefore, the negligence claims are dismissed.

In addition to damages, Mr. Khan seeks "a declaration that the acts and omissions described . . . violate[d] [his] . . . rights under the Constitution of the United States and the laws of the State of Connecticut" and an "emergency injunction" ordering the defendants to transfer him "to a facility where he will receive the proper care and attention needed for his injuries and that is handicap-accessible." Compl. ¶¶ 15, 16.

Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1998). Mr. Khan has not identified any legal relationships or issues that require resolution by declaratory relief. *See Ward v. Thomas*, 207 F.3d 114, 119-20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past). Moreover, his request for injunctive relief is now moot because he has since been release from DOC custody. *See Seiler v. Semple*, No. 3:17-CV-1017 (AWT), 2018 WL 6435738, at *4 n.2 (D. Conn. Dec. 7, 2018) (citing *Neary v. Naqvi*, No. 3:14-CV-1631 (VLB), 2017 WL 3205471, at *8 (D. Conn. July 27, 2017) (plaintiff's claim for injunctive relief was found moot after he was released from DOC custody). Therefore, the requests for declaratory and injunctive relief are dismissed.

---

[2] "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165(a).

## IV. CONCLUSION

(1) The Eighth Amendment claim for deliberate indifference to medical needs may proceed against Dr. Ruiz in his individual capacity for damages. All other claims are **DISMISSED**. The Clerk of Court is directed to terminate the other six defendants from this action.

(2) The Court cannot effect service of the Complaint at this time because Mr. Khan has not notified the Court of his most recent address. Local Court Rule 83.1(c)2 provides that he MUST notify the Court of any change of address. Failure to do so can result in the dismissal of the case. **Mr. Khan must give notice of a new address by April 17, 2020**.

Mr. Khan should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. **Failure to file this notice by April 17, 2020 will result in dismissal of his case with prejudice.**

**SO ORDERED** at Bridgeport, Connecticut this 13th day of March 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge